UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES DANIEL,<br><br>                          Plaintiff,<br><br>     v.<br><br>C/O HEISE, *et al*.,<br><br>                          Defendants. | Case No. C15-1247-JCC-MAT<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. This action comes before the Court at the present time on plaintiff's motion to compel production of documents. Defendants oppose plaintiff's motion. The Court, having reviewed plaintiff's motion, defendants' response thereto, and the balance of the record, hereby finds and ORDERS as follows:

(1)     Plaintiff's motion to compel production of documents (Dkt. 18) is DENIED. Plaintiff, by way of the instant motion, seeks to compel production of specified grievances and related documents which he filed with the prison grievance program between 2005 and 2015. He also seeks to compel production of all documents relevant to disciplinary actions taken against the named defendants by the Department of Corrections ("DOC") during the course of their

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS - 1

employment with the DOC.  Finally, plaintiff seeks to compel production of any grievances and official misconduct complaints filed against defendant Heise by inmates of African-American and non-Caucasian descent during the course of his employment with the DOC.  Defendants objected to each of these discovery requests and now ask the Court to deny plaintiff's motion to compel production of the documents at issue.  The Court will address each of plaintiff's requests in turn.

### a. Plaintiff's Grievances

Plaintiff requested in discovery that defendants produce 53 specified grievances and related records that plaintiff filed with the prison grievance program from 2005 through 2015. (*See* Dkt. 19, Ex. 1, Attach. B.)  Defendants objected to this request on various grounds, including that the request was overly broad, that it sought information not relevant to plaintiff's claims, and that the documents requested were available from a more convenient source.  (*See id*.)  Despite their objections, defendants made available to plaintiff the requested grievances and related materials filed between 2008 and 2015.  (*See id*., Ex. 1, Attach. A and Attach. B.) Defendants explained to plaintiff that they could not provide the requested grievances filed between 2005 and 2007 because those documents had been destroyed in accordance with the DOC's record retention schedule.  (*Id*., Ex. 1, Attach. B.)

Plaintiff, in his motion to compel, asserts that at least some of the grievance materials which defendants indicate have been destroyed "may still be retrieved from the DOC database's 'File Allocation Table' similar to the e-mails that were retrieved after being wiped from Senator Hilary Clinton's personal servers[.]"  (Dkt. 18 at 7.)  Defendants assert in their response to plaintiff's motion that plaintiff has not demonstrated, and cannot demonstrate, that the 2005 through 2007 records are available.  (Dkt. 19 at 2-3.)  Defendants ask that the Court deny

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS - 2

plaintiff's request to compel production of records that the DOC no longer has in its possession. (*See id.*) The Court is satisfied that the 2005 through 2007 grievance records requested by plaintiff are no longer available and, thus, plaintiff's motion to compel production of such records must be denied.

It appears that there is a secondary issue related to defendants' production of the 2008-2015 grievance records and that issue concerns the costs associated with providing copies of the requested documents to plaintiff. Defendants advised plaintiff in a letter accompanying their objections and responses to plaintiff's requests for production that the requested records were available for review and copying by his representative and that paper copies could be purchased at a cost of 10 cents per page plus postage costs. (*See id.*, Ex. 1, Attach. A.) Counsel for defendants offered to provide 25 pages of documents to plaintiff free of charge, and noted that the pages could be double-sided and could contain up to two pages per side, thereby enlarging the number of documents plaintiff could obtain at no cost. (*Id.*) Counsel also advised plaintiff that a discovery CD could be mailed to a third-party representative who could then assist plaintiff in obtaining any necessary paper copies. (*Id.*)

Plaintiff, in his motion to compel, suggests that defendants' counsel should be directed to provide him a list containing page numbers for each grievance and each related document so that he could "fine tune" his selection and reduce costs. (Dkt. 18 at 8.) Plaintiff also suggests that he is entitled to such an accommodation because he was granted leave to proceed with this action *in forma pauperis* when he filed the action in state court. (*See id.* at 8-9.)

The records at issue total over 600 pages. (*See* Dkt. 19, Ex. 1, Attach. A.) The Court is not convinced that these records are in any way relevant to the claims asserted by plaintiff in his complaint. The Court will not require defendants to assist plaintiff in the fine tuning of a request

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS - 3

for documents that are of questionable relevance.  Likewise, the Court will not require defendants to provide plaintiff copies of the documents as defendants met any obligation they may have had under Fed. R. Civ. P. 34 by making the documents available to plaintiff for review and copying.

Finally, plaintiff is advised that the fact that he was granted leave to file this action *in forma pauperis* in the state courts does not entitle him to obtain discovery materials free of cost in this Court.  The Supreme Court has made clear that "the expenditure of public funds is proper only when authorized by Congress[.]"  *United States v. MacCollom*, 426 U.S. 317, 321 (1976).  The *in forma pauperis* statue applicable to actions brought in federal court, 28 U.S.C. § 1915, permits a Court to authorize the commencement of an action without the prepayment of fees.  *See* 28 U.S.C. § 1915(a)(1).  The statute also allows for the payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court."  28 U.S.C. § 1915(c).  Nothing in the statue authorizes payment of costs associated with discovery.  *See Tabron v. Grace*, 6 F.3d 147, 158-59 (3rd Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989).

**(b)     Staff Disciplinary Records**

Plaintiff requested in discovery that defendants produce all documents relevant to disciplinary actions taken by the DOC against the three named defendants.  (*See* Dkt. 18, Ex. 1.)  Defendants objected to this request on various grounds but, without waiving those objections, advised plaintiff that there were no disciplinary documents related to any of the named defendants.  (*See* Dkt. 19, Ex. 1, Attach. D at 1-2.)  It is unclear why plaintiff now seeks to

compel production of documents which defendants have clearly advised him do not exist. Plaintiff's motion to compel is clearly frivolous as it pertains to the requested disciplinary records.

### (c)    Other Offenders' Grievances

Plaintiff requested in discovery that defendants produce all grievance and official misconduct complaints filed by African-American and non-Caucasian inmates against defendant Heise throughout the entire span of defendant Heise's employment with the DOC. Defendants objected to this request on various grounds including that it was overly broad, that it sought information not relevant to plaintiff's claims, and that it was not reasonably calculated to lead to the discovery of admissible evidence. (*See id*., Ex. 1, Attach. D at 2.) Defendants went on to explain that in order to fulfill this request, the DOC would be required to hand search through several years worth of grievances to find grievances filed against defendant Heise. (*See id*.) Defendants further explained that the DOC did not catalog grievances by race. (*See id*.) Thus, defendants advised plaintiff that they were only able to provide grievances that plaintiff himself had filed against defendant Heise. (*See id*.)

Plaintiff asserts in his motion to compel that the requested grievances of non-white inmates is needed in order to establish that defendant Heise "was capable of violently ruthless behavior and racial discriminatory motive." (*See* Dkt. 18 at 3.) Defendants, in their response to plaintiff's motion, argue that providing the requested documents would be require an enormous expenditure of staff resources, all in an effort to locate documents that would be irrelevant to the claims asserted by plaintiff and would not lead to the discovery of admissible evidence. (*See* Dkt. 19.)

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party "may obtain

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS - 5

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 401 of the Federal Rules of evidence provides that evidence is relevant if "it has an tendency to make a fact more or less probable that it would be without the evidence" and "the fact is of consequence in determining the action."

Plaintiff, in his complaint, cites to a single incident where defendant Heise allegedly directed a racist comment to him. Plaintiff suggests in his reply brief in support of his motion to compel that the other misconduct he attributes to defendant Heise in his complaint, including two instances when defendant Heise allegedly scraped plaintiff's wrists while removing handcuffs and one instance when defendant Heise allegedly hurried plaintiff during an escort, was racially motivated. (*See* Dkt. 20 at 6-7.) Plaintiff, however, offers no facts whatsoever to support this supposition.

This Court is not satisfied that the grievances of other inmates are in any way relevant to the question of whether plaintiff's constitutional rights were violated by the conduct of defendant Heise. The Court is satisfied, however, that it would be unduly burdensome for the Court to require defendants to hand search through the records of non-parties given the remote chance that it would result in the discovery of relevant material. Thus, the Court will not order defendants to produce such documents.

(2) Plaintiff also requests in his motion to compel that the discovery deadline be extended to accommodate his receipt of the requested documents. Because this Court declines to

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS - 6

compel production of any of the requested documents, plaintiff's request for an extension of the discovery deadline is moot.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this <u>14th</u> day of January, 2016.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS - 7