THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES DANIEL, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID HEISE, et al.,<br><br>        Defendants. | CASE NO. C15-1247-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT |

This matter comes before the Court on the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 48), Plaintiff's Objections (Dkt. No. 51-1), Defendants' Response (Dkt. No. 53), Plaintiff's Motion for Leave to Supplement his Complaint (Dkt. No. 54), and Defendants' Response (Dkt. No. 55). Plaintiff also objects (Dkt. No. 49) to Judge Theiler's May 6th Order denying his previous motion to compel and motion to amend (Dkt. No. 47).

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation, DENIES Plaintiff's subsequent motion for leave to supplement his complaint (Dkt. No. 54) and DISMISSES the above-captioned matter for the reasons explained herein.

I.  BACKGROUND

Plaintiff, Charles Daniel, Jr., proceeding *pro se*, brings civil rights claims arising out of

his treatment while incarcerated at the Monroe Correctional Complex ("MCC") in Monroe, Washington. (Dkt. No. 1-1 at 15–18.) Plaintiff alleges that, on three occasions, Department of Corrections ("DOC") staff, particularly Correctional Officer David Heise—named as a Defendant—violated his federal constitutional rights and committed state torts. (*Id.* at 15–17.) Specifically, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to equal protection under the law and due process, as well as retaliated against him for exercising his First Amendment rights to report correctional officer misconduct or "properly dress myself before being escorted." (*Id.* at 14–15.)

**A.    Incident on March 1, 2012**

Plaintiff alleges that on March 1, 2012, Defendant Heise scraped his left wrist while removing handcuffs. (Dkt. No. 1-1 at 15.) The scrape allegedly caused bruising, the development of a welt, and bleeding. (*Id.* at 20.) Plaintiff believes that Defendant Heise caused this scrape on his wrist as retaliation for Plaintiff requesting a few minutes to fill out a documentation form the previous morning and making Heise wait. (*Id.* at 15.) Plaintiff also claims that a DOC Nurse, Idiko Danko, failed to make a necessary entry in his medical record after providing him with antibiotic ointment for his scrape. (*Id.* at 16.) Plaintiff further accuses Defendant Danko with denying her knowledge of the wrist-scraping incident and providing Plaintiff with a false name. (*Id.* at 16, 26.) Plaintiff alleges that CUS Ina McNeese acknowledged the welt on his wrist one day, but later pretended it did not occur, which Plaintiff asserts is "suggestive of a conspiracy or meeting of the minds" with Defendant Heise to "unlawfully obstruct" a civil lawsuit. (*Id.* at 17.) Finally, Plaintiff asserts that the DOC is liable for negligence under the doctrine of *respondeat superior*. (*Id.*)

**B.    Incident on May 24, 2012**

Plaintiff alleges that on May 24, 2014, Defendant Heise scraped his right wrist while applying handcuffs in retaliation for Plaintiff's "having him wait just a few seconds to properly dress myself." (Dkt. No. 1-1 at 17.) The scrape to his wrist, according to Plaintiff, created skin

damage and an infection. (*Id.* at 20.) Plaintiff claims that, upon inspection of his wrist after the incident, a nurse commented that it looked like ringworm. (*Id.*)

Plaintiff alleges that on that morning, Defendant Heise appeared to escort Plaintiff to a "photo shoot," Plaintiff asked for a few moments to put underwear on, and Defendant Heise indicated that he didn't need any. (Dkt. No. 1-1 at 17–18.) Plaintiff asserts that the right to put on underwear is protected by the First Amendment, and that the scrape to his right wrist done in apparent retaliation violated his rights under the Fourteenth Amendment. (*Id.* at 18.) Finally, Plaintiff asserts that the DOC is liable for the May 24, 2012 incident under a *respondeat superior* theory. (*Id.* at 18.)

**C.     Incident on July 5, 2012**

According to Plaintiff, on July 5, 2012, Defendant Heise pushed Plaintiff during an escort. (Dkt. No. 1-1 at 18.) He appears to take issue both with the rapid pace of the escort, and with his inability to obtain a copy of the surveillance video of the incident. (*Id.* at 18–19.) Plaintiff also alleges that Defendant Heise's conduct during the escort was a product of racial animus, citing an occasion in which Heise used a racially-derogatory slur. (*Id.* at 19–20.) Once again, Plaintiff asserts liability against the DOC under *respondeat superior*. (*Id.* at 19.)

**D.     Report and Recommendation**

After reviewing Defendants' Motion for Summary Judgment, the Honorable Mary Alice Theiler, United States Magistrate Judge, issued a Report and Recommendation ("R&R") that the motion be granted and this case dismissed. (Dkt. No. 48.) In the R&R, Judge Theiler concluded that (1) Plaintiff's claims arising out of the March 1, 2012 incident are barred by the statute of limitations, (2) that Plaintiff has failed to demonstrate any violation of his due process or equal protections rights or retaliatory actions on the part of DOC staff under the summary judgment standard, and (3) that Plaintiff's remaining state law claims should be dismissed both because Plaintiff apparently intended to abandon any such claims, and that this Court should not exercise pendent jurisdiction where—as here—the federal claims are dismissed before trial. (*Id.*) Finally,

1  Judge Theiler recommended that this case *not* count as a "strike" against Plaintiff under 28
2  U.S.C. § 1915(g). (*Id.* at 18.)
3      Plaintiff objects, both to the Report and Recommendation and, as discussed below, to a
4  previous order issued by Judge Theiler. The Court considers all objections along with Plaintiff's
5  most recent motion to supplement.

6  **II.    DISCUSSION**
7      **A.    Standards of Review**
8      Upon objection to a magistrate judge's report and recommendation, district courts are
9  required to review *de novo* "those portions of the report or specified proposed findings or
10 recommendations to which objection is made." 28 U.S.C. § 636(b)(1).
11     Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant
12 summary judgment if the movant shows that there is no genuine dispute as to any material fact
13 and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such
14 a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in
15 the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242,
16 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing
17 party "must come forward with 'specific facts showing that there is a genuine issue for trial.'"
18 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.
19 Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute
20 about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
21 verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment
22 is appropriate against a party who "fails to make a showing sufficient to establish the existence
23 of an element essential to that party's case, and on which that party will bear the burden of proof
24 at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
25     **B.    Plaintiff's Objections to Judge Theiler's May 6 Order**
26     As an initial matter, the Court notes that Plaintiff has filed a document labeled as an

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT
COMPLAINT
PAGE - 4

Objection to Judge Theiler's May 6, 2016 Order under rule 72. (Dkt. No. 49.) The Court reviews Plaintiff's objections to see whether Judge Theiler's May 6 Order contains clear error. Fed. R. Civ. P. 72(a).

Plaintiff raises numerous grounds in his Rule 72 motion. (Dkt. No. 49.) First, Plaintiff reiterates his motion to compel production of materials including a surveillance video of an action he alleges was a racially-motivated assault by Defendant Heise; his escort during the July incident described above. (Dkt. No. 49 at 1–5.) Plaintiff also argues that the May 6 Order constitutes an "objectively unreasonable application of the law" with respect to an assessment of his constitutional claims. (*Id.* at 5–6.) Plaintiff appears to emphasize his argument that he was retaliated against for what he considers "written and vocal speech" falling under the purview of the First Amendment. (*Id.*) Moreover, in objection, Plaintiff emphasizes his argument that he was retaliated against for filing pro se lawsuits and that "the Court may take judicial notice of the fact that Plaintiff's 2012 assault by both inmate and staff took place exactly one week after he settled a lawsuit in this federal forum." (*Id.* at 7.) Plaintiff further objects to Judge Theiler's conclusion that pendent state claims should be dismissed—a conclusion further explained in the Report and Recommendation—and writes that he "questions whether pendent jurisdiction would be a pertinent matter before this Court where Defendants have brought this action themselves up from the state court forum for which the language of his claims had been specially tailored." (*Id.*) Finally, while Plaintiff seems to confuse the legal standard, he objects to the denial of his prior requests to amend his complaint. (*Id.* at 8–11.)

The Court does not find any such clear error in Judge Theiler's May 6 Order. Rather, Judge Theiler's ruling addressed an already much-litigated question of discovery, and appropriately concluded that the Defendants satisfied their obligation under the discovery rules by producing 107 documents as prioritized by Plaintiff, and sending a disc with such documents to a third-party designated by Plaintiff. (Dkt. No. 47 at 2.) In fact, Defendants went beyond their obligation under the discovery rules. Plaintiff's objection to Judge Theiler's denial of his motion

1  to compel constitutes the eighth time he has sought Court intervention for discovery materials to
2  which he is not entitled. (Dkt. Nos. 15, 16, 18, 27, 31, 36, and 37.) The issue is settled, and rather
3  than representing clear error, the record reveals significant accommodations made to ensure that
4  Plaintiff has access to pertinent discovery in his case.

5  Moreover, Judge Theiler's denial of Plaintiff's motion for leave to amend his complaint
6  was appropriate. As discussed in more detail in the Report and Recommendation, amendment of
7  Plaintiff's complaint to add a vicarious liability claim against the Department of Corrections, and
8  raise issues regarding a 2011 assault by another inmate, would be futile. Summary judgment is
9  appropriate over Plaintiff's federal claims and so pendent state jurisdiction is inappropriate.
10 *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Moreover, as discussed in the R&R,
11 Plaintiff's § 1983 claims may not proceed against the Department of Corrections. *See Will v.*
12 *Michigan Dep't of State Police*, 461 U.S. 58, 70–71 (1989).

13 In summary, Plaintiff's objections (Dkt. No. 49) to Judge Theiler's May 6 Order do not
14 establish clear error and are DENIED.

15 **C.     Report and Recommendation; Plaintiff's Objections**

16 The R&R recommends granting Defendants' motion for summary judgment for two chief
17 reasons. (Dkt. No. 48.) First, the statute of limitations bars claims arising out of the March 1,
18 2012 incident. (*Id.* at 6–9.) Second, with respect to the latter two incidents, Plaintiff has not
19 brought claims that raise a genuine dispute of material fact as to whether his due process or equal
20 protection rights were violated: the injuries he alleges simply do not trigger those rights. (*Id.* at
21 9–15.)

22 On June 2, 2016, Plaintiff moved for leave to file an overlength handwritten brief of
23 objections to the Report and Recommendation, which this Court accepted. (Dkt. Nos. 51 and 52.)
24 The Court has reviewed this longer document containing Plaintiffs' objections. (Dkt. No. 51-1.)
25 Significantly, in objection Plaintiff states an improper legal standard: that "Defendants have not
26 established the non-existence of any genuine issues of material facts warranting summary

dismissal of this cause of action." (*Id.* at 1.) This double-negative does not govern the Court's analysis: rather, after Defendants made a properly-supported motion for summary judgment, it is *Plaintiff's* burden to establish, with specific facts, the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). On *de novo* review, the Court determines that Plaintiff has not done so.

Plaintiff objects to nearly every aspect of the Report and Recommendation. Plaintiff argues:

1. That in discussing the statute of limitations, the Report and Recommendation should have considered his case timely filed on February 19, 2015 or applied equitable tolling (Dkt. No. 51-1 at 6–7);

2. That the Report and Recommendation applied an "objectively unreasonable application of law" in its due process analysis (*Id.* at 7–9);

3. That the Report and Recommendation erred in its conclusion that the Department of Corrections was not subject to suit under § 1983 (*Id.* at 9–10);

4. That the Report and Recommendation erred in "failing to acknowledge Plaintiff's developed factual assertions that . . . Defendant Heise was heard to say right in front of Plaintiff's cell, 'they don't want him suing anybody . . .'" and thus failed to appropriately consider Plaintiff's Equal Protection argument (*Id.* at 11);

5. That Judge Theiler's conclusion that the record lacked evidence of conduct "that could reasonably be considered abusive" was an erroneous interpretation of the facts (*Id.* at 11–12);

6. That the Report and Recommendation failed to consider evidence of racially-motivated hostility on the part of staff and other inmates (*Id.* at 14–15);

7. That the Report and Recommendation applied the wrong legal standard to his retaliation claim and failed to consider Plaintiff's request to put on underwear as protected First Amendment activity (*Id.* at 16);

8. That the Report and Recommendation impermissibly failed to draw factual inferences in Plaintiff's favor when, in a footnote, it states "There is no indication in the record that plaintiff was not otherwise fully dressed at the time C/O Heise appeared at plaintiff's cell for the escort" (*Id.* at 17)

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT
COMPLAINT
PAGE - 7

        (citing Dkt. No. 48 at 16 n. 9);

9.     That the Report and Recommendation erred in its analysis regarding pendent state law claims (*Id.* at 19).

The Court reviews Plaintiff's objections *de novo*.

First, the statute of limitations and equitable tolling argument applies solely to Plaintiff's claims regarding the incident on March 1, 2012. As a claim accrues when a litigant knows or should have known of the injury forming the cause of action, the statute of limitations for the March 1st incident most certainly began to run on March 1, 2012. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998) (internal citations omitted). From that date, the state's three-year personal injury statute of limitations governs. *Id.*; *see also* Rev. Code Wash. § 4.16.080(2). With respect to the March 1, 2012 incident, the statute of limitations ran on March 1, 2015. Plaintiff filed his complaint on April 22, 2015. (Dkt. No. 1-1 at 9 – 65.) Under Washington law for equitable tolling purposes, April 22, 2015 represents the date on which the action is deemed commenced. Rev. Code Wash. § 4.16.170. The Report and Recommendation discussed Plaintiff's equitable tolling arguments, absent any legal error or unjust application of law, in detail. (Dkt. No. 48 at 6–9.) Upon review, the Court finds that the statute of limitations bars Plaintiff's claims arising out of the March 1, 2012 incident. Practically speaking, the outcome of Plaintiff's case would not be changed even if this were not so: summary judgment is appropriate for Defendants with respect to the merits of Plaintiff's case regarding the May 24, 2012 incident. The March 1, 2012 incident, involving substantially similar legal theories and facts, is similarly devoid of a violation of Plaintiff's constitutional rights or actionable negligence claim.

Second, the Report and Recommendation's due process analysis was not unreasonable. It is well-established that the due process rights conferred by the Fourteenth Amendment are both procedural and substantive. *Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996), *overruled on other grounds*, *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856–57 (9th Cir. 2007); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986). So too, it is well-

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT
COMPLAINT
PAGE - 8

1   established that "the protections of the Due Process Clause, whether procedural or substantive,
2   are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344,
3   348 (1986). The nature of the injuries alleged by Plaintiff—scraped wrists and being pushed to
4   walk more quickly during an escort—do not represent a violation of either Plaintiff's procedural
5   or substantive due process rights. The R&R did not err in its due process analysis.

6     Third, it is well-settled that Plaintiff's § 1983 claims may not proceed against the
7   Department of Corrections. *See Will v. Michigan Dep't of State Police*, 461 U.S. 58, 70–71
8   (1989). The Report and Recommendation did not err or unreasonably apply the law in that
9   respect.

10    Fourth, contrary to Plaintiff's assertion, the Report and Recommendation *did*
11  acknowledge the factual allegation that Defendant Heise "boastfully challenged Plaintiff to sue
12  him." (Dkt. No. 48 at 8; Dkt. No. 1-1 at 21–22.) Moreover, the "class" of prisoners who file
13  lawsuits is not a protected class triggering strict scrutiny analysis under the Equal Protection
14  Clause. Plaintiff's objection does not change the Equal Protection analysis in his case.

15    Fifth, this Court's review yields a conclusion similar to that reached by Judge Theiler
16  with respect to the conduct of DOC staff: even viewing the facts and in the light most favorable
17  to Plaintiff, and drawing all justifiable inferences therefrom, the actions alleged by Plaintiff are
18  not reasonably considered abusive. This Court concludes that a reasonable jury would not return
19  a verdict for Plaintiff based on either incident involving a scraping of his wrist with handcuffs or
20  a rapid pace during an escort.

21    Sixth, the Report and Recommendation *did* consider Plaintiff's arguments regarding
22  alleged racial hostility by Defendant Heise. (Dkt. No. 48 at 4, 12, 14.) Judge Theiler concluded
23  that the evidence of racial animus proffered by Plaintiff—specifically that Defendant Heise
24  directed a racist comment at Plaintiff almost a year *after* the events that form this lawsuit
25  occurred—was insufficient to establish that Heise's actions a year prior were racially-motivated.
26  (Dkt. No. 48 at 14.) On review, while the Court finds the comment allegedly made by Defendant

Heise to be completely unacceptable, it is apparent that Judge Theiler considered Plaintiff's evidence regarding racial animus. The conclusions in the R&R are sound.

Seventh, the Report and Recommendation did not apply an impermissible standard in its review of Plaintiff's retaliation claims, but rather followed clear Ninth Circuit precedent. (Dkt. No. 48 at 14–16) (citing *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)). The Ninth Circuit has clearly stated that "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline. *Barnett*, 31 F.3d at 816 (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)). Moreover, the R&R properly announced and applied the five elements of a prison retaliation claim expressed by the Ninth Circuit in *Rhodes*, specifically: (1) adverse action against an inmate (2) because of (3) protected conduct, that (4) chilled that inmate's exercise of his or her First Amendment rights and (5) did not reasonably advance a legitimate correctional goal. (Dkt. No. 48 at 15) (citing *Rhodes*, 408 F.3d at 567–68.)

Significantly, despite Plaintiff's assertions, none of the activities alleged in this suit involve retaliation for a constitutionally-protected activity. Making a correctional officer wait before an escort is not constitutionally-protected conduct. Moreover, even if the Court *were* to consider making an officer wait to put on underwear—and the speech involved therein—to fall under the protections of the First Amendment, which it does not, there is no genuine dispute of material fact as to whether the remaining elements of a First Amendment retaliation claim have been alleged or met: no evidence suggests that Plaintiff's exercise of his First Amendment rights has been chilled, or that the discomfort experienced during handcuffing or an escort "did not reasonably advance a legitimate correctional goal." In summary, the Report and Recommendation did not err in its treatment of Plaintiff's retaliation claims.

Eighth, Plaintiff's objection to footnote nine of the Report and Recommendation does not

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT
COMPLAINT
PAGE - 10

have a bearing on the outcome of Defendants' summary judgment motion. Plaintiff takes issue with a footnote that states, "There is no indication in the record that plaintiff was not otherwise fully dressed at the time C/O Heise appeared at plaintiff's cell for the escort." (Dkt. No. 51-1 at 17) (citing Dkt. No. 48 at 16 n. 9.) Plaintiff appears to object on the grounds that, in so writing, Judge Theiler may not have been drawing factual inferences in his favor, as he alleges that he needed to put underwear on when the alleged events occurred. (Dkt. No. 51-1 at 17.) However, even if that were so, whether or not Plaintiff was dressed in a certain way when he asked Defendant Heise to wait prior to an escort does not affect the legal analysis of his retaliation claim under the legal precedent discussed above.

Finally, Judge Theiler properly addressed Plaintiff's pendent state law claims. Upon summary judgment dismissal of the federal claims in this suit, the Court need not retain supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). Moreover, as the R&R correctly stated, the Supreme Court has made it clear that federal courts should dismiss state claims where the pertinent federal claims are dismissed before trial. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, (1966) (adding "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.")

For the foregoing reasons, upon *de novo* review of Plaintiff's objections, the Court ADOPTS the Report and Recommendation (Dkt. No. 48), GRANTS Defendants' motion for summary judgment (Dkt. No. 23), and dismisses this case with prejudice.

**D. Plaintiff's Motion to Supplement Complaint**

Finally, the Court turns to Plaintiff's motion to supplement his complaint (Dkt. No. 54). The Court has reviewed Plaintiff's motion, the proposed amended complaint (Dkt. No. 54-1), Defendants' Response (Dkt. No. 55), and Plaintiff's Reply (Dkt. No. 56). As the Court considers the full length of Plaintiff's Reply Brief, it hereby GRANTS his motion for leave to file excess pages (Dkt. No. 57).

Supplemental complaints exist in order to allow plaintiffs to raise claims that arise after

1  the initial pleadings are filed. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Plaintiff seeks to
2  include additional argument about the equitable tolling of the statute of limitations and alleged
3  delay by the Snohomish County Superior Court in filing his case. (Dkt. No. 54-1 at 1–2.) To the
4  extent that Plaintiff raises arguments about the manner in which his original filing was treated by
5  the Snohomish County Court, amendment of his present complaint is illogical: the Defendants
6  named here are not the appropriate parties against whom to seek recourse for the treatment of his
7  Snohomish County case filing.

8    Plaintiff's proposed supplemental complaint also includes allegations of a "systematic
9  conspiracy to harm" him, raising completely unrelated claims involving Defendant Heise making
10 homosexual threats to Plaintiff (Dkt. No. 54-1 at 3–4), allegations of contamination of his food
11 by Defendant Heise and others (*Id.* at 2–3), and allegations of catching a venereal disease from a
12 blood draw conducted by Nurse Kelly Delp (*Id.* at 4). At this stage of litigation—after
13 participating in discovery, considerable motions work, summary judgment, and objections to the
14 Report and Recommendation—the Court concludes that allowing the supplemented complaint to
15 be filed would interfere with the judicial economy as well as unduly prejudice the Defendants.
16 The Court exercises its broad discretion to decline to allow Plaintiff to file his supplemental
17 Complaint. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

18 **III.    CONCLUSION**

19    For the foregoing reasons, Plaintiff's Objections to Judge Theiler's May 6th Order (Dkt.
20 No. 49) are DENIED, the Report and Recommendation (Dkt. No. 48) is ADOPTED,
21 Defendants' Motion for Summary Judgment (Dkt. No. 23) is GRANTED, Plaintiff's Motion for
22 Leave to File Excess Pages (Dkt. No. 57) is GRANTED, Plaintiff's Motion for Leave to
23 Supplement his Complaint (Dkt. No. 54) is DENIED, and this case is dismissed with prejudice.
24 This case does not count as a "strike" for the purposes of 29 U.S.C. § 1915(g).
25    //
26    //

1   DATED this 21st day of July 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT
COMPLAINT
PAGE - 13